13-156-cv
*Caldwell, et al v. Berlind et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY

*Circuit Judges.*

_____

Rena Caldwell, *et al.*

*Plaintiffs-Appellants,*

-v.- No. 13-156-cv

Roger S. Berlind, *et al.*

*Defendants-Appellees.*

_____

ALLEN CARNEY, CARNEY WILLIAMS BATES BOZEMAN & PULLIAM, PLLC, Little Rock, Arkansas (Roy L. Jacobs, Roy Jacobs & Associates, New York, NY, on the brief) *for Appellants.*

MITCHELL A. LOWENTHAL, (VICTOR L. HOU, ROGER A. COOPER, JARED M. GERBER, DAVID E. HALLER, on the brief) CLEARY GOTTLIEB STEEN & HAMILTON, NEW YORK, NY *for Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED.**

This appeal arises from the sprawling multidistrict litigation concerning securities issued by Lehman Brothers Holdings Inc. ("Lehman") prior to its collapse and bankruptcy. Plaintiffs-Appellants ("Appellants") are eight individuals who allegedly invested in several offerings of Lehman debt securities between November 2005 and November 2007. In October and November 2008, the Appellants filed separate yet materially identical putative class actions asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, against Lehman's officers, directors and underwriters.

In their original complaints, the Appellants alleged that the relevant offering documents "did not reveal that Lehman owned hundreds of millions of dollars of CDOs," or collateralized debt obligations, and that Lehman wrongfully failed to disclose that it had a 30:1 gross leverage ratio. Even though Lehman reported its

leverage ratios in numerous SEC forms including its Forms 10-Q and 10-K dated October 11, 2005 and February 13, 2006 respectively, the original complaints asserted that this information was omitted because it was not part of the prospectuses.

On November 29, 2011, after significant delay following removal and transfer pursuant to an order of the Joint Panel on Multidistrict Litigation, Appellants moved to file a Consolidated Amended Complaint. Unlike their prior complaints, however, the Consolidated Amended Complaint alleged that Lehman "used undisclosed repurchase and resale ('Repo') transactions to improperly 'remove' billions of dollars from its balance sheet" and "materially misled [purchasers] regarding its risk management procedures." The Consolidated Amended Complaint also dropped the original allegation that Lehman had failed to disclose that it had a 30:1 gross leverage ratio. Instead, it alleged that the relevant prospectuses did incorporate by reference the forms that included the ratio, but that this reported ratio was not accurate due to the Repo 105 transactions. On January 6, 2012, the defendants moved to dismiss the Consolidated Amended Complaint. By an order dated December 11, 2012, the District Court (Kaplan, *J.*) granted the motion to dismiss. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*   *   *

It is clear that Appellants' new Repo 105 and risk management claims are facially barred by both the statute of limitations and the statute of repose in Section 13 of the Securities Act. 15 U.S.C. § 77m. Section 13's statute of limitations bars these new claims because the Appellants were aware of them when the same claims were filed in the lead plaintiffs' amended complaint on April 23, 2010, over one year before they were brought by the Appellants. The new allegations are also barred by Section 13's statute of repose because the allegations were not brought within three years of the offerings, the last of which occurred in November 2007.

Appellants' new claims can survive only if: (1) Section 13's statute of limitations *and* statute of repose are tolled pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); or (2) these new claims relate back to their original complaint pursuant to Federal Rule of Civil Procedure 15(c). The claims are not tolled, nor do they relate back to the original complaint.

As to the *American Pipe* tolling doctrine, although Appellants argue that the statutes of limitations and repose are tolled pursuant to this doctrine, this argument is foreclosed by our recent decision in *Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721

4

F.3d 95 (2d Cir. 2013). There, this Court squarely rejected this argument as to the statute of repose, holding that "*American Pipe's* tolling rule does not apply to the three-year statute of repose in Section 13." *Id*. at 101.[1]

Second, Appellants argue that their new claims are not barred by the statutes of limitations and repose because they relate back to their original complaints. We disagree. Even assuming, *arguendo,* that the relation back provision of Rule 15(c) applies to save allegations that would otherwise be barred by Section 13's statute of repose, the claims do not relate back on the facts here. Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal citations omitted).

---

[1] Because Section 13's statute of repose cannot be tolled under *American Pipe*, we need not and do not consider whether *American Pipe* tolls the statute of limitations in this case.

5

Appellants' original complaints alleged material omissions regarding Lehman's exposure to CDOs and its leverage ratio (on the basis that its Forms 10-Q and 10-K were not incorporated by reference). The Consolidated Amended Complaint reverses course and is based on an entirely new theory encompassing different conduct. Instead of alleging that the failure to include the gross leverage ratio of 30:1 in the prospectuses was a material omission, the Consolidated Amended Complaint alleges that Lehman materially misstated its leverage ratios in its SEC forms that were incorporated by reference into the offering documents. The Consolidated Amended Complaint alleges that these incorporated ratios were false because they were manipulated through the Repo 105 transactions and their assigned accounting treatment. Neither this accounting treatment nor any other accounting practice allegedly causing a misstatement as to the leverage ratio is to be found in the original complaints. Thus, Appellants' new claims do not relate back under Rule 15(c).

All of Appellants' claims, other than those asserted in their original complaints, were appropriately dismissed as untimely. The only remaining allegations in the Consolidated Amended Complaint are those from the original complaints concerning Lehman's CDO exposure. These claims are based on

6

allegations that Lehman owned, but did not disclose that it owned, billions of dollars of CDOs. These allegations were also correctly dismissed by the district court for failing to state a plausible Securities Act claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Allegations that merely assert "a legal conclusion couched as a factual allegation" or that "amount to nothing more than a formulaic recitation of the elements" of a cause of action are "not entitled to be assumed true." *Id.* at 678-81 (internal citation omitted). To establish an actionable omission under Sections 11 and 12(a)(2) of the Securities Act, plaintiffs must identify either "an affirmative legal disclosure obligation" that required disclosure or an "existing disclosure[]" that was rendered misleading by the alleged omission. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 360 (2d Cir. 2010).

Appellants failed to satisfy this pleading standard. Indeed, the conclusory allegations in the three paragraphs of the Consolidated Amended Complaint concerning Lehman's CDO holdings do not contain sufficient facts to establish a

plausible claim to relief under any theory. As the district court correctly noted, "[t]o say that the three paragraphs of the [Consolidated Amended Complaint] that set out plaintiffs' claim with respect to CDOs are barebones perhaps understates the matter." The Consolidated Amended Complaint fails to allege when Lehman acquired the CDOs that it would have been required to disclose, how much it held at the time of the offerings, or how much was sufficient to be material to an investor at the time of the challenged offerings. The Consolidated Amended Complaint is simply barren of allegations regarding the circumstances at the time of any offering challenged by the Appellants. Thus, their remaining claims were properly dismissed for failing to state a claim.

We have reviewed the remaining arguments of the Appellants and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk